## MAD RIVER MUTUAL RODDED INS ASSN v SMITH et

Ohio  Appeals,  2nd  Dist,  Darke  Co

No  466.  Decided  June  19,  1935

James S. Hankins, Greenville, for plaintiff in error.

Wilbur D. Spidel, Greenville, for defendants in error.

## OPINION

By BODEY, J.

From this state of facts we must determine whether or not the policies herein sued upon were valid policies. If these policies were valid at the time the assessments for premium were levied, then, of course, the plaintiff would be entitled to recover in this action.

It is claimed in the brief of the defendants that no proof was offered concerning the right of the plaintiff company to transact insurance business in the State of Ohio. We are inclined to believe that, insofar as the defendant, John A. Smith, is concerned, proof of such right to transact business was waived. The trial court held that no question was raised concerning the corporate capacity of the plaintiff. As far as the defendant, Mary Smith, was concerned there is no denial in her answer of the corporate capacity of the plaintiff. Having failed to deny certain allegations of this amended petition, she is taken to have admitted the same. It was not incumbent, therefore, on the plaintiff to establish its right to do business in the State of Ohio on the issues made between the amended answer of Mary Smith and the amended petition.

It is claimed by counsel for the defendants that the plaintiff company had breach-

ed its contracts of insurance, if such they were, by failing and refusing to adjust losses with the defendants. This contention is not tenable because it appears affirmatively from the testimony of the two defendants that, although they were dissatisfied with the adjustments made, they did not prosecute their appeal to the annual meeting of the association as provided in the constitution and by-laws.

We are of opinion that the policies herein issued were valid and enforceable policies until surrendered by the defendants or cancelled by the plaintiff company. The defendant, John A. Smith, has accepted benefits under these policies by reason of adjustments for losses sustained by damage to the buildings on both farms. He should not now be heard to complain that these policies which have heretofore benefitted him were not valid obligations. If a loss had been sustained under either of these policies and payment had been refused on account thereof, each of these defendants would have insisted with equal vigor that the policies were valid because an assessment had been paid upon them and because they had been issued by this plaintiff company and were not cancelled. We hold that the defendants are estopped to deny their legal obligation under these policies.

The defendant, Mary Smith, although she was the owner of the fee in the seventy-seven acre tract, and although she did not sign the application for this insurance, is surely estopped from denying the authority of her husband to engage in this insurance contract in her behalf. She permitted her husband to be paid by the plaintiff for damages to her buildings. In the case of **Webster et v Dwelling House Insurance Company, 53 Oh St, 558,** syllabus one, says:

"The interest of a husband in the dwelling house of his wife, used as a homestead by the family, is sufficient to support a recovery by the two jointly on a policy of fire insurance issued to both."

The Supreme Court in the above case holds that, while the title to the real estate was in the wife, the husband had an inchoate right of dower therein which was a substantial property right and which was *liable to become vested in the event of her death. In that case the court held that the real estate was used by both husband and wife for their common comfort and welfare and that the Insurance Company should not be permitted to defend a suit for loss on the ground that the property was the

wife's sole property and the policy had been issued in the name of both husband and wife. The reasoning of the Supreme Court in the Webster case, supra, is equally good today. Under our present statutes of Dower and Descent and Distribution, a husband does have a substantial fixed interest in the real estate owned by his wife. The ruling of the Supreme Court in the above case conversely supports the holding which we made here. ,

The evidence in the instant case shows beyond a doubt that the defendant, John A. Smith, was the agent of Mary Smith, his wife, in contracting for the insurance on the home place. In this case the wife was thoroughly familiar with the fact that insurance was applied for by her husband. She likewise knew that the policies were issued and she was also informed that various losses were paid. She ratified every act of her husband in the transaction of this insurance business with the plaintiff. She is responsible for the payment of assessments.

It is also claimed that the policies as issued do not contain the contract as entered into between the plaintiff and the defendants. It is the claim of the defendant, John A. Smith, that this insurance was to be operative for a period of five years only, and that at the end of that time the policies should be cancelled. Neither of these defendants may be heard to complain that the contract does not conform to the facts. These defendants had in their possession those policies and they should have read them and familiarized themselves with their terms. Premiums were paid on one of these policies for a period of five years and the defendants are "conclusively presumed to have knowledge of all the stipulations and provisions thereof." The terms of their written policies of insurance must control in the absence of proof of fraud or mistake. No issue is made in this case of fraud or mistake, and for that reason all previous statements and representations of the defendants and the agent of the plaintiff are merged in the written policies. See the case of **Union Central Life Insurance Company v Hook, 62 Oh St, 256.**

Neither may these defendants complain that they did not sign the constitution and by-laws of the plaintiff association as provided therein. They accepted the insurance and received the benefits therefrom, and they are estopped from denying the validity of the policies. **Richards, Receiver v Hale, 1 C.C. (N.S.) 181.**

It is our opinion that under the facts and the law the plaintiff was entitled to

recoyer in this case. No exception was taken by counsel for the plaintiff to the charge of the court on the law. We, therefore, do not pass upon the correctness of that charge. We do hold, however, that the policies of insurance issued by the plaintiff company to the two defendants were valid and subsisting obligations of the plaintiff from July 1, 1930 to July 1, 1931. and that they were equally binding upon the defendants. Since they were binding upon the defendants, then these defendants should pay the assessments which are due and which have been levied for that protection granted them by the plaintiff company. In our judgment the verdict of the jury is manifestly against the weight of the evidence. The verdict should have been for the plaintiff in error rather than for the defendants in error. A motion for a new trial should have been sustained by the trial court. No errors were committed in the admission or rejection of evidence. For the reasons herein given, the judgment of the lower court is reversed and this cause is remanded for a new trial.

BARNES, PJ, and HORNBECK, J, concur.